[Cite as *State v. Teagarden*, 2013-Ohio-5516.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Plaintiff-Appellee      Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |

STATE OF OHIO

    Plaintiff-Appellee

-vs-

TREVOR TEAGARDEN

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 13 CA 47

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 07 CR 00739 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 13, 2013 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| KENNETH W. OSWALT<br>PROSECUTING ATTORNEY<br>TRACY F. VAN WINKLE<br>ASSISTANT PROSECUTOR<br>20 South Second Street, Fourth Floor<br>Newark, Ohio 43055 | TREVOR TEAGARDEN<br>PRO SE<br>2338 North West Street<br>Lima, Ohio 45801 |

*Wise, J.*

**{¶1}** Appellant Trevor J. Teagarden appeals the May 9, 2013, Judgment Entry of the Licking County Common Pleas Court denying his motion to set aside his 2008 conviction for Trafficking in Controlled Substances following a plea of guilty.

**{¶2}** Appellee is State of Ohio.

**{¶3}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

**{¶4}** "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.  The decision may be by judgment entry in which case it will not be published in any form."

**{¶5}** This appeal shall be considered in accordance with the aforementioned rule.

**STATEMENT OF THE FACTS AND CASE**

**{¶6}** On September 21, 2007, Appellant was incarcerated at the Licking County Justice Center on charges in an unrelated Case.1 On that date, Appellant gave an envelope to a deputy to mail out of the jail. The deputy, feeling a hard object inside the envelope, inspected the outside of the envelope and noticed the recipient's address was identical to the return address. Because Appellant had previously been disciplined for hoarding medications, the deputy believed that the Appellant was trying to mail a pill out of the facility. The envelope was opened and a pill was found inside. Appellant was

interviewed and admitted to trying to mail prescription medication to a friend outside the jail.

**{¶7}** On November 6, 2007, Appellant was indicted on one count of Aggravated Possession of Drugs, in violation of R.C. §2925.11(A)(C)(1)(a), a felony of the fifth degree.

**{¶8}** Appellant was appointed counsel and on November 27, 2007, he entered a not guilty plea.

**{¶9}** On January 1, 2008, Appellant's court appointed counsel withdrew from the case as Appellant had retained private counsel. The court appointed a second attorney on January 28, 2008.

**{¶10}** On July 21, 2008, Appellant appeared in court for a Change of Plea and Sentencing Hearing. At that time, a motion to amend the indictment was filed, amending the charge without objection, from Aggravated Possession of Drugs to Trafficking in Controlled Substances, a felony of the fourth degree. On that same date, Appellant entered a guilty plea to the amended charge and the trial court sentenced Appellant to a term of six months in prison to be served consecutively with the sentence imposed in a separate case.

**{¶11}** On December 26, 2012, Appellant filed a motion to set aside his conviction. Said motion was denied on May 9, 2013.

**{¶12}** It is from that judgment that Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶13} "I. THE TRIAL COURT ERRED, AND DUE PROCESS WAS DENIED, WHEN THE COURT DENIED THE APPELLANT'S PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE.

{¶14} "II. THE TRIAL COURT ERRED WHEN IT ALLOWED AMENDMENT OF THE FATALLY DEFECTIVE INDICTMENT, THUS CHANGING THE NAME OR IDENTITY OF THE OFFENSE CHARGED THEREFROM, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶15} "III. COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, FOR FAILING TO OBJECT TO THE STATE'S MOTION TO AMEND THE INDICTMENT.

{¶16} "IV. THE JUDGMENT GRANTING THE STATE'S MOTION TO AMEND THE INDICTMENT IS VOID, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THUS THE SUBSEQUENT JUDGMENT OF CONVICTION IS VOID AND MUST BE VACATED."

### I. II., III. and IV.

{¶17} In his Assignments of Error, Appellant argues that the trial court erred in denying his petition to vacate or set aside his conviction or sentence. We disagree.

{¶18} Upon review, we find that Appellant's motion to vacate or set aside his conviction or sentence is actually a petition for post-conviction relief under R.C.

§2953.21. Where a criminal defendant, subsequent to direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights were violated, such a motion is a petition for post-conviction relief under R.C. §2953.21. *State v. Reynolds,* 79 Ohio St.3d 158, 160, 679 N.E.2d 1131, 1997-Ohio-304.

{¶19} Issues which were raised previously or could have been raised previously in an appeal but were not are barred by the doctrine of res judicata. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶20} In the case sub judice, we find that Appellant could have raised the claimed errors on direct appeal of his sentencing entry but failed to do so. The issues raised by Appellant in his petition to vacate or set aside his judgment of conviction or sentence are therefore res judicata.

{¶21} Accordingly, Appellant's Assignments of Error are overruled.

{¶22} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

JWW/d 0503

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee              :
                                       :
-vs-                                   :            JUDGMENT ENTRY
                                       :
TREVOR TEAGARDEN                       :
                                       :
    Defendant-Appellant             :            Case No. 13 CA 47


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.


_____
HON. JOHN W. WISE


_____
HON. W. SCOTT GWIN


_____
 HON. SHEILA G. FARMER